IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KIMBERLY LADD                                                                      PLAINTIFF

v.                                    CIVIL NO. 25-2056

FRANK BISIGNANO, Commissioner
Social Security Administration                                                     DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Kimberly Ladd, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on October 9, 2022, alleging an inability to work since October 1, 2017, due to borderline personality disorder, anxiety, depression, sleep disorder, post-traumatic stress disorder, a knee injury, a bulging disc, migraines, bone spurs and arthritis. (Tr. 42, 147). For DIB purposes, Plaintiff maintained insured status through December 31, 2021. (Tr. 18, 150). An administrative telephonic hearing was held on April 18, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 29-40).

By written decision dated May 3, 2024, the ALJ found that during the relevant time period, Plaintiff had the following medically determinable impairments: depression, anxiety, and post-traumatic stress disorder (PTSD). (Tr. 20). However, the ALJ found that through the date last

insured Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for twelve (12) consecutive months; therefore, Plaintiff did not have a severe impairment or combination of impairments (Tr. 20). The ALJ stopped the sequential evaluation process at step two, and found Plaintiff was not disabled through her date last insured.

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on March 17, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 3). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 9, 11).

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 2021. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of October 1, 2017, her alleged onset date of disability, through December 31, 2021, the last date she was in insured status under Title II of the Act. To qualify for DIB, Plaintiff must prove that on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. *Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issues on appeal: 1) Plaintiff's medical evidence analysis and proposed RFC were deficient; and 2) The ALJ failed to properly consider medical equivalence. (ECF No. 9). Defendant argues the ALJ properly considered all of the evidence and the decision is supported by substantial evidence. (ECF No. 11).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In the present case, the ALJ determined that through the date last insured Plaintiff's mental impairments considered singly and in combination were not severe. (Tr. 20). The ALJ applied the appropriate standard in finding Plaintiff's mental impairments non-severe at step two of the sequential evaluation process as the ALJ found her mental impairments did significantly limit her ability to perform basic work activities through her date last insured. *See Page v Astrue*, 484 F.3d 1040, 1044 (8th Cir. 2007) (affirming the ALJ's finding of non-severe mental impairments and a combination of physical impairments at step two of the sequential evaluation). The ALJ appropriately did not proceed with the remaining steps of the sequential evaluation process. *Barnhart v. Thomas* 540 U.S. 20, 24 (2003) (If at any step a

finding of disability or nondisability can be made, the [Commissioner] will not review the claim further.").

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits),

DATED this 19th day of November 2025.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE